

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00397-CV

_____

**ONE 1998 FORD F-150, VIN 1FTZF1769WNA87236
AND I-PHONE 4,**

           **Appellants**

 **v.**

**THE STATE OF TEXAS,**

           **Appellee**

_____

**From the 40th District Court
Ellis County, Texas
Trial Court No. 83629**

_____

## MEMORANDUM OPINION

_____

Amber Leanne Turner and Richard McIntyre attempt to appeal from an adverse forfeiture judgment regarding a pickup and an iPhone. The Clerk of this Court, by letter dated January 25, 2013, notified Turner and McIntyre that 1) they had not paid for the preparation of the clerk's record; 2) they had not paid the original filing fee for the appeal; 3) the November 8, 2012 notice of appeal did not contain a proper proof of

service; and 4) the November 8, 2012 notice of appeal, in the name of both Turner and McIntyre, appeared to be signed in print only by Turner.

In the same letter, the Clerk warned Turner and McIntyre that unless, within 14 days, a joint amended notice of appeal, signed by each as the appellant, was presented to the Court with proper proof of service, the November 8, 2012 notice of appeal would be stricken. The Clerk also warned Turner and McIntyre that the appeal would be dismissed unless, within 14 days, 1) the original filing fee was paid, or an affidavit of indigence was filed, and 2) the clerk's fee for the preparation of the clerk's record was paid or arrangements made for the payment of the fee, or an affidavit of indigence was filed. The Clerk further warned Turner and McIntyre that the failure to do any of the requested requirements would result in the dismissal of the appeal without further notice for failure to comply with the letter order of January 25, 2013 or a notice from the Clerk.

More than 14 days have passed and neither Turner nor McIntyre have completed any of the requested requirements.

The November 8, 2012 notice of appeal is stricken. This appeal is dismissed. TEX. R. APP. P. 42.3(b), (c).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R.

App. P. 5; 10th Tex. App. (Waco) Loc. R. 5; Tex. Gov't Code Ann. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. Tex. R. App. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed February 28, 2013
[CV06]